# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2012

No. 11-60730
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL B. O'FALLON, individually and on behalf of all others similarly situated,

Plaintiff-Appellant

v.

ENCORE RECEIVABLE MANAGEMENT, INCORPORATED; DISCOVER FINANCIAL SERVICES, L.L.C., also known as DFS Services, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:11-CV-36

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff filed this suit on February 23, 2011 against his former credit card company, alleging the company and agents acting on its behalf attempted to collect a debt against it in a manner prohibited by the Fair Debt Collection Practices Act. Plaintiff had a cardholder contract with the company containing a valid arbitration agreement, and the parties do not dispute that Plaintiff's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60730

claims here are encompassed by that agreement. On April 12, 2011, Defendant moved to compel arbitration. Plaintiff contested on various grounds. The district court granted the motion, dismissing the action without prejudice and compelling arbitration.

The sole issue here is whether, as Plaintiff argues, one of various Mississippi statutes of limitations for contracts bars Defendants' demand to arbitrate, because that demand is based on a contract that was signed several years ago.[1] This argument misunderstands the applicability of statutes of limitations to arbitration agreements. As stated by the district court, a party's right to compel arbitration accrues when the opposing party refuses to arbitrate, not when the contract is signed.[2] Defendants moved to compel arbitration less than two months after Plaintiff filed this action, well within all of the multi-year statutes of limitations that Plaintiff claims could apply. For this reason, and for the reasons given by the district court in its careful decision of August 3, 2011, we affirm the district court's order to compel arbitration.

AFFIRMED

---

[1] We assume only *arguendo* that this is a proper question for this court, rather than for the arbitrator.

[2] E.g., *Reconstruction Finance Corp. v. Harrisons & Crosfield*, 204 F.2d 366, 369 (2nd Cir. 1953); see also *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983) ("An indispensable element of Mercury's cause of action under § 4 for an arbitration order is the Hospital's refusal to arbitrate").